UNITED STATES v. ENGERMAN et al.[1]

*(District Court, E. D. New York.   May 12, 1891.)*

EMINENT DOMAIN—RIGHT TO JURY TRIAL.

In a proceeding taken by the government under Act Cong. Aug. 18, 1890, to condemn lands to the use of the United States, the owner of the land is not entitled as a matter of right to a trial by jury.

At Law.

· The United States having filed a petition in this court under the act of August 18, 1890, (26 St. at Large, 316,) to condemn a part of Plum island, upon which the government wished to erect a mortar battery, the owner of the land appeared, and filed an answer, denying the allegations of the petition.   The case coming on for trial, defendants demanded a trial by jury, claiming that there must be a trial of the question of the right to condemn before the question of the amount of compensation is entered upon. .

*Jesse Johnson,* U S. Dist. Atty.

*Thomas E. Pearsall, (Robert D. Benedict,* of counsel,) for defendants.

BENEDICT, J.   In this matter, which is a proceeding to condemn certain lands to the use of the United States, instituted in pursuance of a statute of the United States passed August 18, 1890, (26 St. at Large, p. 316,) two questions have been presented for decision.   One is whether the hearing upon the petition and answer is required to be had before the judge and a jury, or whether it can be had before the judge alone, without the aid of a jury.

Upon this question my opinion is that the provision in the seventh amendment to the constitution of the United States, upon which the respondents rely, does not entitle the defendants, as a matter of right, to a trial by jury, and consequently that the refusal of the respondents' request for a trial by jury was not error. .

The second question is whether the evidence produced is sufficient to prove that the parties were unable to agree upon a price to be paid for the land, within the meaning of the provision in the general statute of New York Laws of 1890, to which statute the district attorney has sought to make the present proceeding conform.

Upon this question my opinion is that the evidence is sufficient to warrant finding that the parties have been unable to agree upon a price for the land.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.